UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

ANTHONY L. SCHILLER,

    Plaintiff,

v.                                                                              Case No. 4:19cv195-WS-HTC

MADISON C.I. WARDEN
MR. COLLINS, et al.,

    Defendants.

_____/

REPORT AND RECOMMENDATION

This matter, which was transferred from the Middle District of Florida, is before the Court on referral from the clerk. Plaintiff instituted this action by filing Plaintiff's Affidavit/Complaint and Request for T.R.O. (ECF Doc. 1). Shortly thereafter, he filed an Affidavit/Complaint/Request for Restraining Order (ECF Doc. 3), followed by an "Affidavit/Complaint/Restraining Order Against D.O.C. Wardens Collins, Young, Centurion Medical, Et." (ECF Doc. 6). In each filing, Plaintiff indicates he was incarcerated at Madison Correctional Institution and feared for his life; it appears he was seeking protection, a transfer or early release.

On May 7, 2019, the undersigned entered an order (ECF Doc. 9) noting Plaintiff's complaint is deficient in that it was not filed on the required Northern District form. The undersigned also noted Plaintiff had neither paid the $400.00

Case No. 4:19cv195-WS-HTC

filing fee nor submitted a motion to proceed *in forma pauperis*. The undersigned directed the clerk to forward Plaintiff a civil rights complaint form and complete set of forms needed for filing a motion to proceed *in forma pauperis* and allowed Plaintiff thirty (30) days from the date of the order in which to file either a notice of voluntary dismissal or an amended civil rights complaint and either file the completed motion to proceed *in forma pauperis* or pay the $400.00 filing fee. The undersigned advised that failure to comply with the order could result in a recommendation that the case be dismissed.

The clerk mailed a copy of the order and forms to Plaintiff at Liberty Correctional Institution. The parcel was returned with a notation it was "refused" and could not be forwarded. *See* ECF Doc. 10. On June 5, the clerk mailed a copy of the order and forms to Plaintiff at his last known address, Madison Correctional Institution. The time within which Plaintiff was to comply with the May 7 order has passed and Plaintiff has not responded. It appears Plaintiff was released from custody on May 23, 2019. *See http://www.dc.state.fl.us/offenderSearch/detail.aspx?Page=Detail&DCNumber=318013&TypeSearch=AO&NoP=1.* It also appears Plaintiff provided no address upon his release, and he has not contacted the Court or provided a current mailing address. Based on the Court's inability to contact Plaintiff, the issuance of any further order would be futile. Plaintiff's claims also are moot now that he has been released from prison. *See, e.g., Zatler v. Wainwright*,

Case No. 4:19cv195-WS-HTC

802 F.2d 397, 399 (11th Cir. 1986) (finding plaintiff's claims for injunctive and declaratory relief moot as a result of plaintiff's release from prison); *Wahl v. McIver*, 773 F.2d 1169, 1173 (11th Cir. 1985) ("Absent class certification, an inmate's claim for injunctive and declaratory relief in a section 1983 action [pertaining to his conditions of confinement] fails to present a case or controversy once the inmate has been transferred. . . . Past exposure to illegal conduct does not constitute a present case or controversy involving injunctive relief if unaccompanied by any continuing, present adverse effects.").

Accordingly, it is respectfully RECOMMENDED:

1. That this matter be DISMISSED WITHOUT PREJUDICE for Plaintiff's failure to keep the Court apprised of his mailing address and failure to state a claim upon which relief can be granted.

2. That the clerk be directed to close the file.

DONE AND ORDERED this 26th day of June, 2019.

*/s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof. **Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.** A copy of objections shall be served upon the magistrate judge and all other parties. A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* U.S. Ct. of App. 11th Cir. Rule 3-1; 28 U.S.C. § 636.